UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JOGA SINGH JOHAL,<br><br>              Defendant. | No. CR-02-214-FVS<br><br>ORDER DENYING THE DEFENDANT'S "MOTION TO REVISE AND REDUCE A SENTENCE PLEA" |

**THIS MATTER** came before the Court without oral argument on January 3, 2013, based upon the defendant's "Motion to Revise and Reduce a Sentence Plea." He is representing himself. The United States is represented by Russell E. Smoot.

**BACKGROUND**

On August 20, 2002, Joga Singh Johal was charged in a superseding indictment with two counts of distribution of pseudoephedrine and one count of possession of pseudoephedrine with intent to distribute. 21 U.S.C. § 841(c)(2). Mr. Johal exercised his right to trial by jury. The first jury was unable to agree unanimously upon a verdict. The United States requested a second trial. Mr. Johal did not deny he had possessed and sold large quantities of pseudoephedrine on the dates in question. Rather, he alleged his knowledge of English was so limited

Order - 1

that he neither knew, nor reasonably should have known, a purchaser was going to use the pseudoephedrine to make methamphetamine. His attorney presented lay and expert testimony in support of his allegedly limited understanding of English. The second jury rejected the defendant's allegation of ignorance; finding him guilty as charged. Sentencing took place on December 12, 2003. The Court departed below the range prescribed by the Sentencing Guidelines and sentenced him to a term of 70 months incarceration. He appealed his conviction and sentence. The Ninth Circuit affirmed his conviction on August 30, 2005, but remanded the matter so the Court could determine whether it would have imposed the same sentence had it known the United States Sentencing Guidelines were advisory. The Court declined to modify his sentence. He began serving his sentence on June 15, 2006. On May 15, 2007, he sought relief under 28 U.S.C. § 2255. He alleged his trial attorney had failed to adequately document his inability to understand English. On March 26, 2008, the Court rejected Mr. Johal's § 2255 motion in a detailed, 11-page order. The Ninth Circuit affirmed on February 20, 2009. Although the record is unclear, it appears he has completed his prison sentence and is now in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and is facing removal from the United States. On November 27, 2012, the District Court Executive received a letter from Mr. Johal. The letter is perplexing. Mr. Johal claims he pleaded guilty. He

Order - 2

alleges his attorney failed to inform him a plea of guilty would result in removal from the United States. He makes an oblique reference to *Padilla v. Kentucky*, --- U.S. ----, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). He asks the Court to vacate his conviction and allow him to plead guilty to some lesser charge so he can avoid removal from the United States.

**RULING**

There are at least two problems with Mr. Johal's request for relief. The first is jurisdictional in nature. It appears Mr. Johal has completed his prison sentence and is in the custody of ICE. It is unlikely this Court has authority under 28 U.S.C. § 2255 to review the validity of his conviction. To the contrary, it is likely he could invoke the Court's jurisdiction only by petitioning the Court to issue a Writ of Coram Nobis and, at the same time, petitioning ICE to stay its proceedings while this Court assesses his eligibility for post-conviction relief. There is no indication he has taken either step. Which is not to suggest he could succeed if he had properly invoked this Court's jurisdiction. Even if this Court had authority to consider his motion, there is a second (and insurmountable) problem with his request for relief. He did not plead guilty. He exercised his right to a jury trial, and the jury convicted him. As a result, *Padilla* is inapposite. He may not challenge his conviction under that case.

Order - 3

**ORDER**

The defendant's "Motion to Revise and Reduce a Sentence Plea" (**ECF No. 331**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the defendant and to counsel for the United States.

**DATED** this ___3rd___ day of January, 2013.

                                      s/ Fred Van Sickle
                                        Fred Van Sickle
                          Senior United States District Judge